Our next case is People v. Stephen Plowman, 5-17-0089. If you're ready, please begin. May I please report, counsel? My name is Christina O'Connor. I'm an assistant appellate defender at the Office of the State Appellate Defender, and I represent Mr. Stephen Plowman in this matter. This case has three issues. Whether the trial court failed to comply with Illinois Supreme Court Rule 431b, particularly failing to inquire into the jury's understanding and acceptance of the state's burden to prove the case beyond a reasonable doubt, whether Mr. Plowman was denied a fair trial where irrelevant and highly prejudicial propensity evidence was introduced to the jury to only support the notion that Mr. Plowman was a drug user, and whether the trial court erred when it failed to tender Illinois Pattern Jury Instruction 4.15, which dealt with voluntary possession. I will be focusing my argument on how this case was closely balanced as the issues hinge on this analysis and the State has conceded that error occurred. If Your Honors have any questions about any of the issues that I did not address during my argument, I would be happy to answer those questions. First, it is important to note that this is not a reasonable doubt challenge. Closely balanced means evaluating the totality of the evidence and conducting a qualitative, common-sense assessment of it within the context of the case. This means that it is only necessary to show that the evidence presented against Mr. Plowman was not overwhelming. In this case, Mr. Plowman, with the help of Morgan, packed a few bags of items that he was going to sell. Morgan said that she had a good idea of what was in the bags. Mr. Plowman asked Morgan to hold onto the bags for him, and Morgan brought them to her home. Morgan stated that she did not see anything that would cause her to be concerned, otherwise she would have not taken them. Mr. Plowman did not accompany Morgan to her home, and when Morgan got there, both her son and his girlfriend Cox, who were both living at the home at the time, were present. Morgan then placed the bags in her living room and went into her bedroom. Later that evening, Mr. Plowman went to Morgan's home, where numerous people were present, and shortly after Mr. Plowman arrived, a search warrant was conducted because of Morgan's son. An officer observed Mr. Plowman's bags on the floor, and Mr. Plowman was calm at that time and stated that both of them were his. Once the glass pipe that contained methamphetamine residue was pulled out, Mr. Plowman became nervous and immediately and continuously denied ownership of both items. During trial, Officer Ernst testified that he asked Mr. Plowman if he would urine test positive for methamphetamine. After Mr. Plowman stated that he would, Ernst asked again if the glass pipe was his, and Ernst stated at trial that at that point Mr. Plowman had been in ownership. However, Mr. Plowman continuously persisted in his innocence after that. Additionally, Cox testified at trial under penalties of perjury that she owned the glass pipe that was found in the red bag. That day, she stated that she was smoking methamphetamine in the living room, she heard a knock on the door, and she placed a baggie and pipe in the red bag because it was the only place that she could hide them. Cox was advised of and waived her Fifth Amendment right against self-incrimination, and the state told her that she would go to prison if she testified. This means that Cox's testimony made her liable for the same charges that Mr. Plowman was facing, as well as any potential perjury charges because she was under oath. Cox had no reason to lie about owning the glass pipe and had no apparent significant relationship with Mr. Plowman that would create a reason for her to lie. Additionally, the fact that Cox did not come forward at the time does not make her testimony incredible, particularly because it appears Cox was taken out of the home prior to the red bag being searched. After counsel renewed its motion for a directed verdict, the trial court said that this case came down to the credibility of Ms. Cox and Ms. Morgan, and it was an issue for the jury to decide. Both accounts were plausible in this case. This was a case of constructive possession where Cox stated that the glass pipe was hers under penalties of perjury and subjected herself to the same felony charges Mr. Plowman was facing. It is evident that this case is closely balanced, and the state has conceded that error occurred. Therefore, Mr. Plowman was denied a fair trial when the trial court failed to properly inquire into the jury's understanding and acceptance of the state's burden to prove the case beyond a reasonable doubt. The state introduced irrelevant and highly prejudicial propensity evidence to the jury, being the purple pipe used to smoke cannabis and a baggie containing cannabis found on Mr. Plowman that he was not charged with, and Mr. Plowman's statements that he would herein test positive for the use of methamphetamine, which the only purpose was to introduce that evidence to support the notion that Mr. Plowman was a drug user and that he had constructive possession of the glass pipe. Counsel, was the jury, when they were given their instructions, the close of the trial, were they instructed that the defendant must be found guilty beyond a reasonable doubt? I believe so, Your Honor. And in this case, the trial court refused Illinois Pattern Jury Instruction 4.15, which supported Mr. Plowman's theory of the case. Because the evidence was closely balanced in this case, and the state conceded that error occurred, Mr. Plowman respectfully requests a new trial without these errors. Does Your Honor have any other questions? Was the glass pipe a checkbook thing of this? No, it was not, Your Honor. That seemed to be an obvious way to resolve the whole issue. I agree with that. Thank you very much. Are there any other questions? No. Okay, thank you. We've got time to move on. Thank you. Mr. Miller. May it please the Court, Counsel. My name is Max Miller, and I represent the people of the state of Illinois. The defendant raises three issues on appeal. The state admits that the record shows, at least with one of the Xer principles, definitively that they were not inquired of whether they accepted the principle. So, under People v. Thompson, we know issues concerning a violation of Rule 431B are properly analyzed under the first prompt plain error because it was not objected to or properly preserved. People v. Sebi tells us that a reviewing court must decide whether the defendant has shown the evidence was so closely balanced, the error alone severely threatened to tip the scales of justice. And in this case, the state would maintain that the evidence was not closely balanced. We have testimony from four police officers. Ernst executed a search warrant in Lawrenceville for the residence and outbuildings of Chad Morgan. Ernst knocked and announced he opened the door afterwards when no one answered. Ernst observed the defendant and others in the living room. Chad Morgan and April Cox were in the north bedroom. One of the other officers informed Ernst that the north bedroom was littered with drug paraphernalia, glass pipes with white residue, multiple digital scales, coffee filters, and these items were either all in plain view or under the bed. Officer Foitz informed Ernst that there was a red bag on the floor and a green bag on the floor that the defendant admitted owning. These items were also in plain view. Inside the red bag was a clear glass pipe with residue and a baggie with white residue in it. In the second green bag, we have scales. Now, while Ernst is searching these bags, we have the defendant. Ernst testifies that the defendant was shaking and crying, and this behavior continued as he questioned him. The defendant admits to owning the scales in the green bag, and he ultimately admits to owning the glass pipe with the residue and the baggie. Marla Spangler, a forensic chemist, testified that the evidence given to her in her expert opinion, the pipe contained methamphetamine residue. To oppose this, the defendant presented two witnesses, April Cox and Phyllis Morgan. Cox claimed that she hid the pipe and baggie in the defendant's bag, and she admitted owning all the pipes in the residence. Now, prior to trial, Cox had provided a written statement to the police, and she didn't mention anything about this. When questioned about this discrepancy by the state, she said, I didn't, I wasn't aware of that then. When pressed, she said, well, I wasn't charged with it, so I didn't mention it. She had been previously found guilty and released from custody on a methamphetamine possession, and she violated her court order in a failed drug test. So Cox failed to tell the entire truth in her first encounter with law enforcement. The counsel indicated that Cox was taken out of the room before the red bag was searched, and your statement there in her written statement was that she was unaware of those circumstances at the time she confessed everything else. Isn't that consistent with the defendant's position? Yes, Your Honor, but it's not consistent with why she would come forward with a different story now than was true at the time that that was happening. So when she gave the statement, you know, she said, oh, I wasn't aware of it, but somehow in between there and trial, well, now that she's back into police custody, she says, oh, I actually know that the pipe that was found in there was mine. But another reason to doubt the authenticity of that is because we have Cox admitting to ownership of every pipe in the house. Even the state asks about a vial that was submitted with the forensic scientists, and Cox says, oh, yeah, that's mine, too. And so the trial court is presented with this opportunity to see that she's clearly lying and she's just saying that she owns all of these things. Now, Phyllis Morgan testifies, and the defendant argues that this substantiates Cox's testimony. Phyllis Morgan says that she and the defendant are good friends, used to date her daughter, but she also testifies to nothing substantial. She says, well, she never looked inside the bags. She says she was present at some point in time when he was filling the bag, but there was already items in the bag, so she can't be sure what's all in there. What these two testimonies also demonstrate is a personal relationship between Morgan, Cox, and the defendant. Cox testified Morgan brings her money at the jail and that she used to date Morgan's son, Chad. And all of these things are just, you know, chipping away at the credibility of these two defendants. And to say that it's an equal credibility contest, these four police officers who are all telling the same story, and these two defense witnesses who are personally invested in this, to say that that's – it could have gone either way, it was closely balanced, is a mischaracterization of the evidence. The consistent testimony of the state, the forensic evidence, and the defendant's admission demonstrate that the evidence was not closely balanced. Didn't the court say or make the statement that this whole thing came down to the credibility of Ms. Cox and Ms. Morgan and there's nothing for the jury to decide? Your Honor, yes, but the state interprets that statement to mean nothing more than it would be improper to make that premature decision before the jury decided. But clearly the jury decided that the credibility contest was in favor of the state. The defendant challenges admission of testimonial evidence from Erbst and also State's Exhibit 3, which is an itemized list of evidence found regarding the defendant. None of these were properly preserved, so again, we're under the first prong of plain error, and the state would mostly rely on its argument that the evidence was not closely balanced. The state would suggest that there is a potential explanation for trial counsel allowing this testimony about the cannabis into – which is one of the defendant's theories was that you can tell he didn't know that the pipe was in there because look at his reaction when they found him with the marijuana versus when they found the pipe with methamphetamine residue. And so relying on that, you sort of need to know that there was in fact potentially cannabis found on him. And so using that was at least an attempt to show that there was a change in the demeanor of the defendant, which was their argument, and so a juror couldn't infer from that, well, maybe he really didn't know about the methamphetamine. And so all that would do is that would minimize what we think the prejudice of this admission. But the overwhelming nature of the evidence would outweigh that. And also neither the state nor trial counsel for the defendant talk about marijuana in closing arguments. It's not as if the state was saying, you know, we found this marijuana and we're sure that this must be methamphetamine. This issue wasn't harped on or anything like that. So finally, concerning the jury instruction on possession as a voluntary act, the state would argue that this was any error, if this was not an error, but any error if this court believes that it was harmless. The language given to the jury perfectly mirrors the language of the Illinois Criminal Code. This case is a lot like People v. Bowie where the defendant argued that the trial court abused its discretion by refusing to issue this jury instruction on voluntary possession. Possession is a voluntary act if the offender knowingly procured or received the thing possessed, or was aware of his control thereof for a sufficient time to determine possession. Defendant claimed he had no knowledge of the narcotics and that they hadn't been on his person. This doesn't seem consistent with the defendant's theory that, you know, there was this pipe in his bag, but it was involuntarily put there. The defendant's whole theory is that he had no idea. So the issue in this case, which is what happened in Bowie, is it depends on knowledge. Defendant claimed he had no knowledge. And to issue a jury instruction on voluntary possession as opposed to whether he knowingly possessed it would certainly confuse the jury. But in Bowie, they know that even if you considered that it was improper to deny it, it's important to look at the nature of the evidence. And because the evidence in this case was overwhelming, we believe that this court should affirm the conviction. And so if there are no questions. This is just a curiosity on my part. The state had custody of the evidence of the glass pipe, which is a perfect medium for maintaining fingerprints. Also, it would have been an excellent opportunity to get DNA evidence if someone had been using the pipe. Was there any effort to forensically examine this particular item of evidence? I don't know that there was an effort for those specific examinations. But with the confession of the defendant and the not just admitting ownership of the methamphetamine, but admitting ownership of the bags, the state believed that that is sufficient beyond a reasonable doubt to prove that he in fact owned the methamphetamine in the pipe. Thank you, Your Honor. Counsel. Thank you, Your Honor. So just to note, I know counsel spoke about a baggie that was also found with the glass pipe. I don't believe that was tested and that was not charged with Mr. Plowman. He was only charged with the residue that was found in the glass pipe. So that is what's at issue in this case. With Ms. Cox, she did admit to owning the vial that the forensic expert said that she placed in there. However, this is overshadowed by Ms. Cox testifying under penalties of perjury and subjecting herself to a felony charge. She didn't have to go out and testify and say that was actually my glass pipe. She chose to go do that. And as Your Honor pointed out, she wasn't there when it was found. And it defies logic to try to think about every single item that she might have had that was illicit and come forward to law enforcement about them. So presumably, once she realized that Mr. Plowman was facing charges and the severity of them, she decided that she needed to come forward and tell the truth. Now, additionally, Morgan stated that she did help the bag, help pack the bags, and there were a few items of clothing that were placed into the bag while she was helping, so she couldn't be completely sure that there's nothing in the bag. But she said she had a generally good idea, and if she had any indication that there was anything illicit in there, she would have not brought them into her home. Furthermore, the state alludes to the fact that Cox had some type of relationship where she would be inclined to testify to subject herself to felony charges. Here, Cox stated Morgan's son. If Morgan was my client in this case, maybe that argument would hold truth in that, you know, she was trying to help out her boyfriend. However, it was clear Cox stated that Mr. Plowman was failing to not help Cox while she was in jail, and it seems that Cox was just an acquaintance to Mr. Plowman at that point. Furthermore, in regards to the jury instruction, we maintain that the issue is voluntariness. Bowie is distinguishable from this case. In Bowie, the defendant in that case received a package from the mail that was intercepted at the post office by police officers. They placed a tracking device in there, and they followed from the time that it was delivered to a mail salon where the defendant picked up the package to the defendant bringing it to a home, and then with a few minutes of opening it, officers went into the home and found thousands of illicit pills where the defendant opened that up. Here, we have a situation where Mr. Plowman gave a bag to Morgan, and then it was out of his possession for hours. Ms. Cox testified that she placed the glass pipe in the bag. He was unaware of it, and then he was not – he didn't have enough time to voluntarily relinquish his possession of that item because he didn't know that it was in the bag. So if Your Honor has any other questions about anything. I believe so. All right. So Mr. Plowman respectfully asks that this court grant him a new trial. Thank you. Thank you. The court will take the matter under advisement. If you're willing to do so, I will stand adjourned for a few minutes.